ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| FREDDY GARCÍA TATIS<br><br>Peticionario<br><br>v.<br><br>LCDO. LAUDELINO F. MULERO CLAS, en su carácter oficial como Presidente de la Comisión Apelativa del Servicio Público; COMISIÓN APELATIVA DEL SERVICIO PÚBLICO; RIXIE MALDONADO ARRIGOITÍA en su carácter oficial como Comisionada Asociada; ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurridos | KLRX202400004 | *Recurso Extraordinario* procedente de la Comisión Apelativa del Servicio Público<br><br>CASO CASP:<br><br>2015-06-3839<br><br>SOBRE:<br><br>RECLUTAMIENTO Y SELECCIÓN; MANDAMUS |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de abril de 2024.

Comparece ante nos, el señor Freddy García Tatis (en adelante, Sr. García Tatis o peticionario), quien presenta auto de *mandamus* en el que nos solicita que ordenemos a la Comisión Apelativa de Servicio Público (en lo sucesivo, CASP o recurrido) a adjudicar el caso Núm. 2015-06-3839.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso presentado mediante los fundamentos que expondremos a continuación.

**I.**

El señor García Tatis es un empleado de carrera en la Corporación del Fondo de Seguro del Estado (en adelante, CFSE),

desde el 1996.[1] El Peticionario ocupaba el puesto de Técnico de Radiología, CT SCAN y MRI en la oficina Regional de Ponce. El 2 de febrero de 2015 el director asociado interino de Recursos Humanos le envió una misiva a la entonces presidenta del Banco Gubernamental de Fomento (en adelante, BGF), solicitando su endoso para convocar dos puestos generales de Supervisor Regional y la necesidad de esta.

El endoso por parte de BGF fue remitido el 27 de febrero de 2015 para el puesto 5688. La CFSE emitió una certificación de elegibilidad para ocupar el puesto de la convocatoria 5688 donde incluyó al señor Roberto Aponte Oliveras, y al señor García Tatis. El 3 de junio de 2015 el peticionario fue notificado de que no había sido seleccionado para ocupar el puesto. Empero, el señor Aponte Oliveras fue notificado que fue seleccionado a la fecha del 15 de junio de 2015 y en ese mismo día su nombramiento sería efectivo.

El señor García Tatis presentó por derecho propio la apelación Núm. 2015-06-3839, *Freddy García Tatis v. Corporación del Fondo del Seguro del Estado* el 30 de junio de 2015 ante la Comisión Apelativa del Servicio Público (CASP). En esta impugnó la convocatoria 52-15 para el puesto 5688, donde solicitó la anulación del proceso de selección y nombramiento realizado en virtud de dicha convocatoria por ser contrario a las disposiciones de la Ley Núm. 66-2014, conocida como La Ley especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado, según enmendada, 3 LPRA sec. 9101-9153.

La CFSE solicitó la desestimación de la apelación, que fue declarada *No Ha Lugar* y fue pautada una vista adjudicativa para el 30 de marzo de 2022. El 30 de marzo de 2022 se celebró la Vista Adjudicativa ante la Comisionada Asociada Rixie Maldonado

---

[1] Apéndice del Escrito en Cumplimiento de Orden, pág. 9

Arrigoitía. El caso quedó sometido para la adjudicación desde dicha fecha. Luego de transcurrido el término dispuesto por la Ley de Procedimientos Administrativos Uniformes (LPAU), y sin la agencia haberse pronunciado sobre el asunto, el 7 de marzo de 2024, el señor García Tatis presentó ante este foro apelativo intermedio un recurso de *mandamus* y nos solicitó que ordenáramos a la CASP a adjudicar el caso y emitir su resolución final.

Evaluada su petición, el 14 de marzo de 2024, emitimos una "*Resolución*", y concedimos a la CASP un término para mostrar causa. En atención a lo cual, el 1 de abril de 2024, la CASP presentó una "*Moción en Cumplimiento de Resolución*", e informó que el caso se tornó académico debido a que, el 20 de marzo de 2024, la CASP emitió y notificó una "*Resolución*" donde declaró *Ha Lugar* la apelación y donde concedieron tres (3) remedios.[2] En la *Resolución* se mencionan los siguientes remedios concedidos:

1. **SE ANULA** el proceso de reclutamiento y selección del puesto número 5688- Supervisor de Radiología.
2. **SE ANULA** la Convocatoria numero 52-2 para ocupar el puesto número 5688- Supervisor de Radiología en la Oficina Regional de Ponce.
3. **SE ORDENA** a la APELADA a ocupar el puesto número 5688- Supervisor de Radiología, conforme a las disposiciones de la Ley Núm. 66-2014.[3]

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer.

## II.

### -A-

En general, los tribunales tienen la obligación y responsabilidad de decidir los casos que se le presentan ante su consideración, incluso aquellos que con gusto evitaría. No obstante, como doctrina de autolimitación y de prudencia en el ejercicio del Poder Judicial, los tribunales solo pueden resolver aquellas

---

[2] Apéndice del Escrito en Cumplimiento de Orden, pág. 2.
[3] Apéndice del Escrito en Cumplimiento de Orden, pág. 2.

controversias que sean justiciables. *Hernández Montañez v. Parés Alicea,* 208 DPR 727, 738 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón,* 135 DPR 406, 420 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *ELA v. Aguayo,* 80 DPR 552, 558-559 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la acción presentada. *Noriega v. Hernández Colón, supra,* pág. 421.

**-B-**

Un caso académico es aquél mediante el cual "se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes que éste haya sido reclamado, o una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente". *ELA v. Aguayo, supra,* pág. 584; *Ex parte*

*Steele,* 162 Fed. 694 (1908). Como norma general, los tribunales tienen el deber de resolver los casos y controversias que se presentan ante sí. No obstante, ante un caso académico, los tribunales deberán abstenerse de considerarlo en sus méritos por motivo de autolimitación judicial e imperativo constitucional. *Asoc. de Periodistas v. González,* 127 DPR 704, 719 (1991).

Ahora bien, nuestro Alto Foro ha reconocido una serie de excepciones a la doctrina de academicidad. De esta forma, es posible considerar un caso que, de otro modo, resultaría académico en cuanto a su resultado o efecto inmediato. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 73 (2017). Las excepciones a la academicidad son las siguientes: (1) se trata de una cuestión recurrente o susceptible de volver a repetirse; (2) cuando la situación de hechos es cambiada por la parte demandada sin visos de permanencia, (3) cuando en un caso se ha certificado por el tribunal una clase, y la controversia se torna académica para un miembro de la clase, mas no así para el representante de la misma, y (4) cuando subsisten consecuencias colaterales que tienen vigencia y actualidad. Por tanto, la doctrina de la academicidad no limita nuestras facultades revisoras de forma absoluta, sino que, ante la existencia de alguna de las circunstancias antes mencionadas, el tribunal podrá resolver el caso en sus méritos.

### III.

Según el trámite procesal reseñado, el señor García Tatis presentó ante este Tribunal de Apelaciones un recurso de *mandamus,* y solicitó que ordenáramos a la CASP a adjudicar el caso apelación Núm. 2015-06-3839, *Freddy García Tatis v. Corporación del Fondo del Seguro del Estado.* Posteriormente, la CASP compareció ante nos, y argumentó que el caso se tornó académico debido a que, el 20 de marzo de 2024, se emitió una *"Resolución"*

señalando *Ha Lugar* la apelación y donde concedieron tres (3) remedios.

Como puede observarse, el evento que dio inicio al recurso, es decir, la inacción por parte de la agencia recurrida cesó cuando la CASP atendió el asunto en sus méritos. Esto implica que, el auto de *mandamus* presentado por el señor García Tatis se tornó ineficaz, pues, el fin que pretende lograr este recurso quedó frustrado por la *Resolución* emitida el 20 de marzo de 2024 y archivada el mismo día.

Ante este cuadro fáctico, es evidente que el *mandamus* ante nuestra consideración se tornó académico. Por ende, debemos abstenernos de considerarlo en sus méritos, y desestimarlo por motivo de autolimitación judicial. *Asoc. de Periodistas v. González*, *supra*, a la pág. 719.

**IV.**

Por los fundamentos antes expresados, los cuales hacemos formar parte del presente dictamen, desestimamos el auto de *mandamus*, por académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones